HARMON *v.* UNITED MINE WORKERS OF AMERICA.

Opinion delivered November 24, 1924.

TRADE UNIONS—LIABILITY FOR PROCURING DISCHARGE OF EMPLOYEE.—
Where a mining company had contracted with a miner's union to employ only its members, the discharge of plaintiff, employed for no definite period, which was procured by the union on the ground that he was no longer a member, gave him no cause of action against the union.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran,* Judge; affirmed.

*L. A. Williams* and *J. S. Holt,* for appellant.

A combination of workmen to compel the discharge of a fellow-workman is an unlawful conspiracy. 52 L. R. A. (N. S.) 1052. When they make a demand for discharge of a fellow workman, they step beyond the bounds of right (2 K. B. 600), and are liable in damages for the consequences. 90 Me. 167; 77 Md. 396; 45 Fed. Rep. 135. The complaint states a cause of action. 152 N. Y. 33; 46 N. E. 297; 57 Am. St. Rep. 496; 37 L. R. A. 802. A labor trust in restraint of free labor is opposed to public policy. 168 N. Y. 89; 183 N. Y. 207; 5 A. & E. Ann. Cas. 280. The act of Congress approved July 2, 1890 (Stat. at Large 200) applies to labor combinations. 54 Fed. Rep. 994.

*Webb Covington,* for appellee.

The constitution and by-laws of the Miners' Union constituted a contract between the members of the organization. 159 N. Y. S. 1053; 194 S. W. 1179; 110 Cal. 297; 47 Pac. 887; 102 Ind. 262; 1 N. E. 571; 38 Mo. App. 333; 100 Atl. 731; 80 Ill. 134. The court will not interfere with labor unions in the peaceable enforcement of their rules. 53 Fla. 969; 43 So. 590; 26 Ore. 527; 38 Pac. 547; 46 Am. St. Rep. 640; 28 L. R. A. 464; 47 N. J. Eq. 519.; 20 Atl. 492; 91 Minn. 171; 97 N. W. 663; 103 Am. St. Rep. 477; 63 L. R. A. 753; 121 Fed. 563. Except to see that the proceedings were in good faith. 93 Mo. App. 383; 67 N. Y. S. 819; 96 N. Y. S. 644; 116 Wis. 450; 93 N. W. 473; 75 Cal. 308; 17 Pac. 217; 7 Am. St. R. 156; 44 Ill. App. 278; 73 N. J. L. 729; 65 Atl. 165; 9 L. R. A. (N. S.) 254. The remedies provided for in the rules of the order must be exhausted before resorting to the courts. 116 La. 27; 40 So. 700; 114 Am. St. Rep. 549; 5 L. R. A. (N. S.) 891; 144 Mich. 422; 108 N. W. 362; 103 N. Y. S. 1003; 14 N. Y. S. 361; 76 Tex. 552; 13 S. W. 379; 113 S. W. 144. And the fact that the plaintiff has not pursued these remedies is a good defense to an action in the courts. 110 Cal. 297; 42 Pac. 887; 144 Mass. 175; 10 N. E. 776; 28 Mo. App. 463; 51 How. 92. A contract for the employment of members of the union only is valid. 152 N. Y. 33; 46 N. E. 297; 57 Am. St. Rep. 496; 37 L. R. A. 802; 91 N. Y. S. 185.

Humphreys, J. Appellant brought suit in the circuit court of Franklin County, Ozark District, against appellees to recover $5,000 actual and $5,000 punitive damages for prevailing upon his employer, Western Coal & Mining Company, to discharge him as a coal miner from his employment in Mine No. 2 on its property at Denning, Arkansas.

The complaint alleged, in substance, that the United Mine Workers of America is a voluntary unincorporated association, composed of appellees and other individuals, organized for the purpose of bringing about an increase in their wages and bettering their condition by legisla-

tion, conciliation, joint agreement, and strikes; that appellant was one time a member thereof, but was expelled from the association because he joined the Ku Klux Klan, at which time he was in the employ of the Western Coal & Mining Company, a corporation engaged in .mining coal at Denning, in said county; that he appealed from the local union expelling him to the district board, where the order was affirmed; that he appealed from the order of affirmance to the International union executive board, and that said last named board has failed, refused and neglected to act upon said appeal; that the constitution of the International Workers of the United Mine Workers of America prohibited its members from joining the I. W. W., W. C. U. and the Ku Klux Klan; that before, at the time of and after his expulsion, the coal mine in question was operated by the Western Coal & Mining Company under contract with the United Mine Workers of America, by which only members of the association should be employed to dig or mine coal; that, after appellant was expelled, appellees conspired to and did unlawfully procure appellant's discharge by serving the following notice upon his employer:

"Denning, Arkansas.

"To Western Coal & Mining Company:

"Gentlemen: You are hereby notified that J. P. Baker, Walter Harmon, W. B. Sublett, Elmer Carter, are no longer members of the United Mine Workers of America, and are not affiliated with any local union of said organization.

"You are therefore notified that we cannot continue longer in your employment, under the terms of the contract existing between yourself and the United Mine Workers of America, and shall cease work on and after November 7, 1922, unless we are otherwise notified by the agents of the Western Coal & Mining Company that the terms of the contract will be strictly adhered to.

"Signed on behalf of the employees 'and members of Local Union No. 1814, employed at Mine No. 2 and Mine No. 6.

"Chas. Ireland, President,
"E. W. Mackey, Secretary."

A demurrer was filed to the complaint, and sustained, over. the objection and exception of appellant. Appellant refused to plead further, and stood upon his complaint, whereupon same was dismissed by the court. From the judgment sustaining the demurrer and dismissing the complaint an appeal has been duly prosecuted to this court.

Several questions are raised and urged by appellant as grounds for a reversal of the judgment, but it is unnecessary to discuss or decide them, as no legal damages were alleged. This question raises itself, and is determinative of the case. The complaint only alleged an employment of appellant by the Western Coal & Mining Company at will. It was not alleged that the employment was for a definite period.. There can be no damages resulting to an employee on account of a discharge from an employment at will. The motive of the employer in discharging him is immaterial, and cannot be questioned. The discharge may have been inspired by a bad motive, for the legal right to determine an employment at will is absolute in either the employer or the employee. This principle of law was announced and applied in the case of *Cusumano* v. *Schlessinger*, 152 N. Y. S. 1081, which is exactly in point. The syllabus of that case correctly reflects the purport of the opinion of the court, and is as follows:

"Plaintiff, whose employer was a member of a cloak and suit makers' association, which had agreed with defendant union that only members of the union should be employed by the association, who was not employed for any definite time, and who was discharged at the instigation of delegates of the association and of the defendant union, on information to his employer, in fact

true, that he was not a member of the union, had no cause of action against the defendant union.''

No error appearing, the judgment is affirmed.

### CONCURRING OPINION.

McCULLOCH, C. J. The writer and Mr. Justice SMITH concur in the judgment of affirmance on grounds unnecessary to discuss, since they are not discussed in the opinion of the majority, but we are unwilling to subscribe to the doctrine that a member of an organization under contract with employers for the benefit of its members cannot recover damages for breach of the contract from one who has wrongfully caused the breach, merely because the contract of employment was not for a definite period.

A contract of that kind may not be enforceable against the employer (*St. L. I. M. & S. Ry. Co.* v. *Matthews,* 64 Ark. 398), nevertheless one who wrongfully causes a discharge from employment thereunder should be held liable in damages for such wrongful act.